UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Nos. 12-30042 13-30029 |
| REGINA EVANS, | ) ) | 13-30060 |
| Defendant. | ) ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

On March 24, 2014 and May 1, 2014, the Court held the sentencing hearing for Defendant Regina Evans. The Government appeared by Assistant United States Attorney Timothy A. Bass. Defendant appeared in person with her attorneys Lawrence S. Beaumont and Joshua B. Adams. The Court denied Defendant's objections to the Presentence Investigation Report (PSR) and sentenced Defendant to what amounted to a 60-month term of imprisonment to be followed by three years of supervised release. The special conditions of supervised release imposed by the Court included 12 months of in home confinement to be followed by 20 hours per week of uncompensated community service throughout

the remainder of Defendant's term of supervised release, participation in psychiatric services or a program of mental health counseling or treatment, and participation in financial counseling. The basis for the ruling on the objections and the sentence was stated at the May 1, 2014 sentencing hearing and is stated herein.

## I. BACKGROUND

On April 10, 2013, a Third Superseding Indictment was filed against Defendant and Defendant's husband, Ronald W. Evans, Jr., in Case No. 12-30042. Count 1 charged Defendant and Ronald W. Evans, Jr. with Conspiracy to Defraud the United States, including the Illinois Department of Commerce and Economic Opportunity. Counts 2, 3 and 4 charged Defendant and Ronald W. Evans, Jr. with wire fraud. Count 5 charged Defendant with Money Laundering. Count 6 charged Ronald W. Evans, Jr. with Money Laundering. Counts 7, 8, 9, 10, 11, and 12 charged Defendant and Ronald W. Evans, Jr. with Money Laundering.

On June 17, 2013, Defendant appeared before this Court and entered open pleas of guilty to Counts 1 through 5 and 7 through 12 of the Third Superseding Indictment in Case No. 12-30042. The Court accepted Defendant's guilty pleas and adjudged her guilty of

Counts 1 through 5, and 7 through 12 of the Third Superseding Indictment.

On April 10, 2013, a seven-count Indictment was filed against Defendant and her brother Ricky McCoy in Case No. 13-30029. Counts 1, 2, and 3 charged Mr. McCoy with Money Laundering. Count 4 charged Defendant and Mr. McCoy with Conspiracy to Obstruct Justice and Engage in Witness Tampering. Counts 5 and 7 charged Defendant and Mr. McCoy with Obstruction of Justice. Count 6 charged Defendant and Mr. McCoy with Witness Tampering.

On August 19, 2013, Defendant appeared before this Court and entered open pleas of guilty to Counts 4 through 7 of the Indictment in Case No. 13-30029. The Court accepted Defendant's guilty pleas and adjudged her guilty of Counts 4 through 7 of the Indictment.

In July 2013, Defendant consented to the transfer of Case No. 13-00489-001 from the Northern District of Illinois to this Court for purposes of entering a plea and sentencing. On July 31, 2013, the case was transferred and assigned Case No. 13-30060.

The Information in Case No. 13-30060 charged Defendant and Ronald W. Evans, Jr. with three counts of making Fraudulent and False Statements. On August 9, 2013, Defendant appeared before me and entered an open plea of guilty to Count 3 of the Information. Counts 1 and 2 of the Information were dismissed prior to transfer to this Court. The Court accepted Defendant's guilty plea and adjudged her guilty of Count 3 of the Information in case No. 13-30060.

The United States Probation Office prepared a PSR calculating a Total Offense Level of 32, a Criminal History of Category I, resulting in a Guideline Range of 121 to 151 months' imprisonment.

## II. ANALYSIS

A.  <u>Defendant's Objections to the PSR are Denied</u>

Defendant raised two objections to the PSR. First, Defendant objected to the two-level enhancement imposed under U.S.S.G. § 2B1.1(9)(A) (Paragraph 96). Second, Defendant objected to not receiving a reduction for acceptance of responsibility (Paragraphs 90 and 123).

- 1. *The Court Denied the Objection to the Two-Level Enhancement For Defendant's Misrepresentation That She Was Acting on Behalf of a Charitable or Educational Program*

Defendant objected to the two-level enhancement imposed under U.S.S.G. § 2B1.1(b)(9)(A) (Paragraph 96). Defendant argued that the enhancement stemmed from the Government's belief that there was never truly an educational program. Defendant argued, however, that Ricky McCoy, the Government's cooperating witness, indicated that the program did exist. Indigent men were recruited from the community, enrolled in classes, and were provided educational materials. Defendant argued that she never misrepresented that she acted on behalf of a charitable and educational program because she did act on behalf of a charitable and educational program.

Section 2B1.1(b)(9)(A) provides for a two-level increase in the offense level if the offense involved "a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or a government agency." U.S.S.G. § 2B1.1(b)(9)(A). The Commentary to this Guideline provision provides that the enhancement applies when a defendant

represented that she was acting to obtain a benefit on behalf of a charitable, educational, religious, or political organization, or a government agency but intended to divert all or part of that benefit. U.S.S.G. § 2B1.1, cmt. n. 8(B) (also providing example of when the enhancement applies: when a chief of a local fire department conducted a public fundraiser and represented that the purpose was to procure funds for a new fire engine when the defendant intended to divert some of the funds for his own personal benefit).

Defendant established We Are Our Brother's Keeper as a charitable organization in February 2003. We Are Our Brother's Keeper's mission was to provide education and knowledge concerning the prevention of crime, the fear of crime, and the problems of illiteracy, alcohol, tobacco, and other drug abuse as it affects the growth of families and social welfare.

In February 2009, Defendant and her husband, representing themselves as acting on behalf of the Regal Theater's We Are Our Brother's Keeper Foundation's Pre-Apprenticeship Training Program, Chicago, Illinois, applied for a $1,379,575 grant through the Employment Opportunities Grant Program from the Department of Commerce and Economic Opportunity. Defendant obtained

grant funds from the Department of Commerce and Economic Opportunity on behalf of We Are Our Brother's Keeper purportedly for the purpose of providing services to minorities, women, and hard-to-serve populations with the goal of expanding the number of persons who entered and completed building trade apprenticeship programs and achieved journey-level status within a building trades union.

    The evidence indicated that Defendant obtained the funds with the intent to use at least a part of the funds for her personal use. Specifically, within two weeks of receiving grant funds, Defendant used $50,000 to satisfy a personal debt. She also did not comply with Department of Commerce and Economic Opportunity's requirement to submit timely and/or complete monitoring reports regarding the We Are Our Brother's Keeper program. Of the $1,250,000 in awarded funds, Defendant misappropriated a total of $917,194 within nine months of receipt. Defendant returned the remaining $332,806 of the awarded grant funds to the Department of Commerce and Economic Opportunity. These facts support a finding that Defendant misrepresented to the Department of Commerce and Economic Opportunity that she would provide

charitable and educational services through the We are Our Brother's Keeper if awarded grant funding.

The fact that Defendant might have used a portion of the funds to provide some charitable or educational services makes no difference to the applicability of the two-level enhancement.  The evidence showed that Defendant intended from the beginning to divert a part of the funds for her own use despite representing that she would use all of the funds for their intended charitable and educational use.  See United States v. Fumo, 655 F.3d 288, 314 (3d Cir. 2011) (finding that the district court's refusal to apply the two-level enhancement was an abuse of discretion where the defendant acquired funds from the Philadelphia Electric Company for his non-profit organization while intending to divert those funds for his own use); United States v. Lambert, 498 F.3d 963, 971 (9th Cir. 2007) (enhancement properly applied where the defendant conspired to defraud the United States by asserting he had done work on behalf of the Tribes' Education Department; "'the gravamen of the offense of conviction' was [the defendant's] misrepresentation of work done on the Education Department's behalf"); United States v. Berger, 224 F.3d 107, 111 (2d Cir. 2000) (affirming application of two-level

enhancement for the misrepresentation that defendants acted on behalf of an educational organization; the defendants defrauded the grant program by falsely enrolling individuals in schools, including one institution that only existed on paper).

Therefore, the two-level enhancement under U.S.S.G. § 2B1.1(9)(A) applies.

> 2. *The Court Denied the Objection to the PSR's Denial of an Offense Level Reduction for Acceptance of Responsibility*

Defendant's second objection was to paragraphs 90 and 123 of the PSR, in which the Probation Office refused to reduce Defendant's offense level due to acceptance of responsibility. Defendant argued that she pleaded guilty and confessed to everything. Defendant also asserted that she provided prosecutors with information about a child prostitution ring. Defendant asserts that she gathered this information at great peril to her own well-being while housed with a dangerous individual in the Kankakee Jail.

The Government argued that Defendant was not entitled to acceptance of responsibility because she obstructed justice, engaged in witness tampering, repeatedly lied to federal agents, and

caused others to repeatedly lie to federal agents. In addition, although Defendant entered guilty pleas to all of the charges, she refused to admit to all of the conduct. The Government also argues that the information Defendant provided to the Northern District was unsubstantiated and of no value.

A defendant is not entitled to the acceptance-of-responsibility adjustment just because she pleaded guilty. U.S.S.G. § 3E1.1 cmt. n. 3; <u>United States v. Jones</u>, 52 F.3d 697, 701 (7th Cir.1995). Further, a defendant who receives an obstruction of justice enhancement, like Defendant did in this case, is presumed to have not accepted responsibility. <u>United States v. Partee</u>, 301 F.3d 576, 580 (7th Cir. 2002).

Commentary Note 4 to U.S.S.G. § 3E1.1 (acceptance of responsibility) provides:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S.S.G. § 3E1.1, cmt. n. 4 . To obtain the acceptance adjustment despite the obstruction enhancement, the defendant generally must

show either (1) the obstruction was trivial and did not put the government to added expense or (2) that she took more than the routine steps that would ordinarily earn the discount.  United States v. Hacha, 727 F.3d 815, 818 (7th Cir. 2013) (also citing the Eighth Circuit's list of non-exclusive factors that justify a downward adjustment for acceptance of responsibility despite an obstruction of justice: whether the obstruction was a single incident early in the investigation, whether the defendant voluntarily abandoned the obstruction, and whether he admitted it); see also United States v. Buckley, 192 F.3d 708, 711 (7th Cir.1999)(giving the example of when the acceptance of responsibility adjustment might apply despite the obstruction enhancement: a defendant who lies about having possessed an illegal weapon but tenders a complete confession the next day).

 The facts in this case do not support a finding that this is an extraordinary case in which adjustments under both § 3C1.1 and 3E1.1 may apply.  Defendant attempted to limit her culpability at her plea hearing in Case No. 2-30042.  The evidence presented by the Government showed that Defendant was not being entirely truthful with them during her attempts to cooperate with the

Government. Even when she was recording other individuals as part of her cooperation with the Government, Defendant continued to minimize her culpability. Under these facts, Defendant is not entitled to acceptance of responsibility even though she did plead guilty to all charges. United States v. Boyle, 484 F.3d 943, 945 (7th Cir. 2007) ("[T]his benefit is reserved for those who show contrition and remorse by giving an honest and full account of their offense conduct").

**B. A Sentence of Imprisonment of 60 Months, Followed By A Three-Year Term of Supervised Release With Special Conditions, is Sufficient, But No Greater Than Necessary, to Comply With the Sentencing Purposes Set Forth in § 3553**

The Guidelines are advisory, and this Court is required to exercise its discretion in determining Defendant's sentence. See United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a). Having first calculated Defendant's advisory Guideline range, this Court then considered the factors set forth in 18 U.S.C. § 3553(a) before determining an appropriate sentence.

Section 3553(a) provides the following:

> (a) Factors to be considered in imposing a sentence. — The court shall impose a sentence sufficient, but not greater than necessary, to

comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>(B) to afford adequate deterrence to criminal conduct;
>(C) to protect the public from further crimes of the defendant; and
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>> * * *

(5) any pertinent policy statement–
> * * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Taking into account the advisory Guideline range and the factors set forth in § 3553(a), this Court found that a total term of 60 months' imprisonment[1] was sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in the statute.

More specifically, Defendant spent the majority of her life as a law-abiding citizen who did many great things for many people. The number of friends, relatives, and employers who appeared in court and who provided letters in support of Defendant shows what an asset Defendant has been to her community. Defendant was employed as a police officer from 1986 to 2007 and as Chief of Police of the County Club Hills Police Department from 2009 to 2011. She was awarded approximately 30 citations for bravery and exceptional performance, including one from Northwestern University. She helped develop the Community Alternative Police Strategy program, taught at the Chicago Police Academy, and achieved the rank of Lieutenant, a significant rank in the department.

---

[1] In Case No.12-30042, 60 months on Count 1 through 5 and 7 through 12 to run concurrent to all counts of conviction. In Case No. 13-30029, 51 months on Counts 4 through 7 to run concurrent to all counts of conviction and 9 months on all counts to run consecutive to Counts 4 through 7. In Case No. 13-30060, 36 months on Count 3, to run concurrent to all counts of conviction.

Defendant's accomplishments are impressive and make her criminal conduct in this case still more disturbing. Despite all those years enforcing the law, Defendant broke the law magnificently.

Defendant's troubles began when she purchased the Regal Theater in Chicago. By mid-2009, she was in financial distress and delinquent on the indebtedness incurred for the purchase of the Regal Theater. Acting on behalf of the Regal Theater's We Are Our Brother's Keeper Foundation's Pre-Apprenticeship Training Program, she applied for and received a grant through the Employment Opportunities Grant Program from the Illinois Department of Commerce and Economic Opportunity. Within nine months of receiving grant funds totaling $1.25 million dollars, she misappropriated $917,194.

After being charged, Defendant tampered with a witness's testimony to a grand jury in an effort to hide Defendant's conduct. Defendant also submitted fraudulent tax returns in an effort to hide her scheme. Defendant twice agreed to cooperate with the government but then failed to do so and continued with her criminal activity.

Defendant suffers from many medical issues, all of which were noted at the Sentencing Hearing.  Nothing indicates, however, that Defendant has a terminal health-related issue.

While the nature and circumstances of the offense are serious, the history and characteristics of Defendant weigh heavily in favor of a below-guideline range sentence.  Defendant is a well-educated, generous person who has made huge contributions to her community through her work as a police officer and in her personal life.  Defendant changed the lives of many individuals by bringing them into her home when they needed help.  She cared for her husband's dying grandmother.  Defendant's son is in high school and needs her.  Defendant's involvement in the community and the support of so many people show that a within-guideline range sentence is not necessary to prevent future crimes by this Defendant.

Moreover, a 60-month sentence with the special conditions of supervised release imposed is a significant sentence and is adequate to deter others and reflect the seriousness of the offense.  The Court imposed onerous conditions of supervised release—12 months of in home confinement to be followed by 20 hours per

week of uncompensated community service for the remainder of the supervised-release term —to further demonstrate the seriousness of the offense and the need to afford adequate deterrence.  Finally, the sooner Defendant is released from prison, the sooner she can obtain employment and begin making restitution payments.

   The sentence imposed is also in line with sentences imposed in similar cases, including <u>United States v. Margaret Davis</u>, Central District Illinois Case No. 11-30029, and two cases in the Northern District of Illinois (Jesse Jackson, Jr. and Ty Warner).  (The other cases did not include the obstruction component present in this case and involved different amounts of loss.  However, the Court took into account the differences by imposing a higher sentence in this case. )

   In sum, a 60-month sentence and three years of supervised release with the special conditions of 12 months of in home confinement to be followed by 20 hours per week of uncompensated community service for the remainder of the supervised-release term, in light of Defendant's history and characteristics, adequately reflects the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

# III. CONCLUSION

For the reasons stated, Defendant's objections to the PSR are DENIED. After considering the case file, the evidence presented, the relevant Guideline provisions, the relevant statutory sentencing factors, the Sentencing Commentaries, the arguments of counsel, the letters submitted on behalf of Defendant, and Defendant's statements at the sentencing hearing, the Court found the following sentence is sufficient but no greater than necessary to achieve the purposes of § 3553(a).

> **Case No. 12-30042-001:** 60 months' imprisonment on Counts 1 through 5 and 7 through 12 to run concurrent to all counts of conviction to be followed by a three-year term of supervised release on each of the counts to run concurrent. Restitution in the amount of $917,194 is ordered payable to the Illinois Department of Commerce and Economic Opportunity, to be ordered jointly and severally with co-defendant, Ronald W. Evans Jr. Restitution is due immediately.
>
> **Case No. 13-30029-001:** A period of 51 months' imprisonment on Counts 4 through 7 to run concurrent to all counts of conviction and 9 months' imprisonment on all counts to run consecutive to Counts 4 through 7, pursuant to 18 U.S.C. § 3147(1) to be followed by a three-year term of supervised release on each of the counts to run concurrent to all counts of conviction.
>
> **Case No. 13-30060:** 36 months on Count 3, to run concurrent to all counts of conviction to be followed by a one-year term of supervised release to run concurrent to

all counts of conviction.  The Court finds that the amount of tax loss is $322,493 but, at the request of the Government, the Court is not ordering restitution to the Internal Revenue Service as a special condition of supervised release.

Defendant does not have the ability to pay a fine, and no fine was imposed.  The Court also imposed special conditions of supervised release, as stated at the hearing, which included 12 months of in home confinement to be followed by 20 hours per week of uncompensated community service for the remainder of the supervised-release term.

A special assessment of $1,600, payable immediately, was imposed.  The Court recommended Defendant serve her sentence in Lexington, Kentucky, due to the medical care available there.

ENTER: May 6, 2014

FOR THE COURT:

    s/Sue E. Myerscough
    SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE